Baldwin, J.
delivered the opinion of the Court.
It seems to the Court from the record in this case, that the County court proceeded under the provisions of the road law of 1819, 2 Rev. Code, ch. 236, p. 233: and whether they had authority to do so was a question of fact dependent upon evidence. The 27th section of the act of 1835, Sess. Acts of 1834-5. p. 68, and subsequent statutes, made it lawful for the several County courts, in regard to the establishment of roads, the justices being previously summoned for the purpose, and a majority of the acting justices being present, to dispense *142 with the provisions of the act of 1835, and to retain those of the act of 1819. It was competent for the contestant in this case to require proof of the fact that the County court had made such a general order, and if he had done so, it would have been incumbent upon the applicant to have produced the order. Whether proof of the fact was required or given does not appear, for the evidence upon which the County court acted has not been made a part of the record, by any bill of exceptions, or otherwise. It may have been that such a general order was made prior to the application in this case, and that it was given in evidence at the time when the Court decided to establish the road, or at some previous stage of the cause; or it may not have been formally produced, because of the concession or notoriety of its existence. If the contestant relied upon the absence of the proper evidence on this subject, he ought to have called for its production; or, upon the question whether the road ought to be established, to have spread the whole evidence bearing upon that question on the record. Having failed to do so, it cannot be presumed that the County court, though professing to proceed under the statute of 1819, acted without lawful authority. The objection to the authority of the Court now made was in no wise presented by the contestant’s motion to quash the proceedings for errors apparent on their face, because the law does not require that a copy of the general order of the Court dispensing with the act of 1835, shall be incorporated into the proceedings.
It further seems to the Court, that the County court also properly overruled the motion to quash the proceedings, so far as based upon the fact that the viewers appointed were petitioners for the road, inasmuch as it does not appear that they were parties to the controversy ; on the contrary, it is shewn by the record that the plaintiff in error here, was the sole applicant for the *143 road, whoever may have been the other petitioners, and a mere memorial from them did not disqualify them from acting as viewers.
It further seems to the Court, that the cause was properly reinstated in the County court, on the application of the parties to the controversy, by the order of June 1841 ; that there has been no discontinuance of the case, and that the County court decided correctly in establishing said road, and directing the damages assessed by the jury for the contestant, and the costs of the inquest, to be provided for and paid out of the county levy; but that it erred in directing that all the costs of the applicant should be so provided for and paid, in which respect the judgment of the County court is nugatory, and therefore prejudical to the applicant, who ought to have recovered his costs, except the costs of the inquest, against the contestant.
It therefore seems to the Court, that the judgment of the County court is erroneous, and was properly reversed by the Circuit court, but not for the reason assigned by that Court; and that the judgment of the Circuit court is erroneous in the directions to the County court given in the remanding of the cause.
And it is considered by the Court, that the judgment of the Circuit court be reversed and annulled, with costs to the plaintiff in error here. And this Court proceeding to render such judgment as the Circuit court ought to have rendered, it is further considered, that the judgment of the County court is erroneous, and that the same be reversed and annulled, with costs of the Circuit court to the plaintiff in error here. And the cause is remanded to the County court, with directions to establish the road, direct the damages assessed by the jury for the contestant, and the costs of the inquest, to be provided for and paid out of the county levy, and the other costs expended by the applicant, to be paid by the contestant.